■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. EVAN GERSTMANN, Admitted on August 24, 1987, at a Term of the Appellate Division, First Department. [728 NYS2d 370] —Motion granted and respondent reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof. No opinion. Concur—Nardelli, J. P., Williams, Mazzarelli, Ellerin and Saxe, JJ. [See 240 AD2d 106.]

(July 26, 2001)

■ REBECCA MOSS, LTD., Appellant, v 540 ACQUISITION CO., L. L. C., et al., Respondents, et al., Defendant. [728 NYS2d 371] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered June 29, 1999, which, to the extent appealed from, granted respondents' motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff's causes of action for negligence and private nuisance must be dismissed because it may not recover damages for negligently caused financial harm without accompanying physical injury or for private nuisance absent intentional acts on defendants' part (532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 291-292). The cause of action for public nuisance must be dismissed because plaintiff failed to plead that its damages were different from those sustained by the general public (id. at 292-293). Concur—Sullivan, P. J., Nardelli, Ellerin, Lerner and Friedman, JJ.